**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4154**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JULIUS LAMONT SMOOT,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:16-cr-00279-NCT-1)

Submitted:  October 31, 2017      Decided:  November 7, 2017

Before TRAXLER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Lamont Smoot appeals from his conviction and 34-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the reasonableness of Smoot's sentence. Neither Smoot nor the Government has filed a brief. After a comprehensive review of the record and brief on appeal, we affirm.

We review Smoot's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This court "first ensure[s] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* We presume that a sentence within a properly calculated Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, we conclude that the district court correctly calculated the Guidelines range. Neither party objected, and the district court then proceeded to discuss with Smoot at length various aspects of the presentence report (PSR) and his criminal background. The

2

court asked numerous questions and demonstrated a thorough familiarity with the PSR. Thus, although the actual imposition of sentence was accompanied by only brief reasoning, the sentencing hearing, as a whole, made it clear that the court considered the various sentencing factors as they related to Smoot and provided a sufficient explanation for the within-Guidelines sentence. There is no evidence of procedural error, nor anything in the record to rebut the presumption that Smoot's within-Guidelines sentence is otherwise reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Smoot's conviction and sentence. This court requires that counsel inform Smoot, in writing, of the right to petition the Supreme Court of the United States for further review. If Smoot requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smoot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*